# In the United States Court of Federal Claims

No. 18-1980
(Filed:  20 December 2022)
NOT FOR PUBLICATION

```
***************************************
GARY ROUSE, et al.,                     *
                                        *
                                        *
               Plaintiffs,              *
                                        *
v.                                      *
                                        *
THE UNITED STATES,                      *
                                        *
               Defendant.               *
                                        *
***************************************
```

## ORDER

**HOLTE, Judge.**

On 27 December 2018, William Akins filed the complaint in this case.  Compl., ECF No. 1.  On 4 April 2019, Mr. Akins filed an amended complaint, adding Gary Rouse and Ryan Sabin as plaintiffs.  Am. Compl., ECF No. 7.  The amended complaint alleges the government "took [plaintiffs'] personal property pursuant to 27 CFR §§447, 478 and 479 by amending or interpreting those regulations to prohibit, among other things, the possession or transfer of 'bump stocks' under 18 U.S.C. §922(o)(1)."  *Id.* at 2.  Plaintiffs also sought class certification in the amended complaint for a class "defined as any individual in the United States of America who owns Taken Property[—bump stocks]."  *Id.* at 7–10, 12.  On 24 April 2019, plaintiffs filed a notice of voluntary dismissal without prejudice of all claims filed by Mr. Akins, noting the "dismissal shall not affect the claims filed by GARY ROUSE and RYAN SABIN and those Plaintiffs intend to proceed with their claims."  Notice Voluntary Dismissal Without Prejudice Pl., William Akins at 1, ECF No. 11.  The case was reassigned to the undersigned on 29 July 2019.  Order, ECF No. 20.

On 7 January 2020, after similar cases were dismissed by this court and appealed to the Federal Circuit, the Court granted the parties' motion to stay and directed the parties to "file a joint status report [('JSR')] within 30 days after the Federal Circuit's decisions in *McCutchen et al. v. United States* (Fed. Cl. No. 18-1965, Fed. Cir. No. 20-1188) or *Modern Sportsman, LLC et al. v. United States* (Fed. Cl. No. 19-449, Fed. Cir. No. 20-1107), whichever is decided first."  Order at 1, ECF No. 29.  The Court granted the parties' motion to continue the stay on 1 November 2021, in anticipation of petitions for rehearing at the Federal Circuit and for writs of certiorari at the Supreme Court, after the Federal Circuit affirmed the dismissals in both cases.  Order at 1, ECF No. 31.  The Court directed the parties to file "a [JSR] with the Court within 21

days after the deadline for filing a cert[iorari] petition in both cases, if no petition is filed, or within 21 days after final resolution of the cases if a cert[iorari] petition in either case is filed." *Id.* On 2 December 2022, the parties filed a joint motion for an extension of time to file their JSR, stating, "The Federal Circuit denied petitions for rehearing in [*McCutchen* and *Modern Sportsman*] on February 2, 2022, and the Supreme Court denied certiorari on November 14, 2022."[1] J. Mot. Extend Time File Status Report at 1, ECF No. 32. The parties requested "additional time to confer regarding whether plaintiffs will be seeking any future proceedings in this case, and to file a [JSR] outlining the parties' positions." *Id.* The Court granted the parties' motion for an extension of time to file the JSR via non-pdf order on 5 December 2022. On 15 December 2022, before any JSR was filed, plaintiffs' counsel filed motions pursuant to Rule 83.1(c)(5) of the Rules of the Court of Federal Claims ("RCFC") for leave to withdraw as counsel for both Mr. Rouse and Mr. Sabin. Mot. Leave Withdraw Counsel ("Rouse Withdrawal Mot."), ECF No. 33; Mot. Leave Withdraw Counsel ("Sabin Withdrawal Mot."), ECF No. 34. Plaintiffs' counsel cited "irreconcilable differences" and stated they informed each plaintiff of the need for withdrawal and served each plaintiff with a copy of the relevant motion. Rouse Withdrawal Mot. at 1–2; Sabin Withdrawal Mot. at 1–2. Plaintiffs' counsel noted Mr. Rouse consented to the withdrawal but did not note as such for Mr. Sabin. *Compare* Rouse Withdrawal Mot. at 1, *with* Sabin Withdrawal Mot. at 1. On 19 December 2022, the government filed a second motion for an extension of time to file the JSR, requesting a 21-day extension—from 19 December 2022 to 9 January 2023—and citing the pending motions to withdraw and counsel taking leave in the coming weeks as good cause. Def.'s Mot. Extend Time File Status Report, ECF No. 35. The government stated plaintiffs' counsel "indicated via email on December 19, 2022 that he takes no position on this extension of time motion, and referred to the pending motions to withdraw as counsel[.]"[2] *Id.* at 1.

RCFC 83.1(c)(5) allows an attorney to withdraw as counsel upon approval by the Court and after notice to the represented client. RCFC 83.1(a)(3), however, provides "[a]n individual who is not an attorney . . . may not represent a corporation, an entity, or any other person in any proceeding before this court." "[A *p*]*ro se* plaintiff . . . cannot represent a class . . . ." *Hymas v. United States*, 141 Fed. Cl. 144, 157 (2018) (citing RCFC 83.1(a)(3)), *appeal dismissed*, No. 19-1763, 2019 WL 12021685 (Fed. Cir. June 17, 2019); *accord Rodgers v. United States*, 153 Fed. Cl. 538, 541 (2021); *Ghaffari v. United States*, 125 Fed. Cl. 665, 668 (2016).

Prior to consideration of the motions to withdraw as counsel, the Court requests clarification from plaintiffs on: which claims they plan to proceed with; whether plaintiffs anticipate proceeding with their request for class certification; whether plaintiffs plan to seek alternate counsel and the timing for such substitution; and plaintiffs' proposal for a schedule of further proceedings. The Court also requests the government's position on a future schedule for

---

[1] The question presented in the petition for a writ of certiorari for *McCutchen* and *Modern Sportsman, LLC* was "[f]or purposes of the Fifth Amendment's Taking Clause, does a delegation of general legislative rulemaking authority to an agency constitute an inherent restraint on title to any personal property that could be subsequently subjected to a prospective legislative rule, rendering the physical taking of the property non-redressable?" Pet. Writ Cert. at i, *McCutchen v. United States*, --- S.Ct. ----, 2022 WL 16909171 (July 5, 2022) (No. 22-25), 2022 WL 2672472, at *i.

[2] The government further noted it makes this request for an extension of time despite the fact its "position is that the *McCutchen* and *Modern Sportsman* decisions require dismissal of this suit[.]" Def.'s Mot. Extend Time File Status Report at 2.

- 3 -

further proceedings in this case.  The Court, accordingly:  **DEFERS** ruling on the motions to withdraw as counsel, ECF Nos. 33 and 34; and **FINDS as MOOT** the government's motion for an extension of time to file the joint status report, ECF No. 35.  Instead of filing the joint status report required by the Court's 1 November 2021 Order, the parties **SHALL FILE** a joint status report stating their positions on each of the items outlined *supra* on or before **20 February 2023**.

    **IT IS SO ORDERED.**

                                                              s/ Ryan T. Holte
                                                              RYAN T. HOLTE
                                                              Judge